[Crim. No. 56.   First Appellate District.—November 21, 1906.]

## THE PEOPLE, Respondent, v. THOMAS BEATTY, Appellant.

CRIMINAL LAW—RAPE—UNMARRIED GIRL—BILL OF EXCEPTIONS—CONTRADICTION—PRESUMPTION OF REGULARITY.—Where the bill of exceptions, upon a conviction for rape, states that the evidence of the prosecuting witness ''that she was not married and was not the wife of the defendant '' was all the testimony to support the allegation in the indictment that she was not the wife of the defendant at the time of the alleged offense, but elsewhere contradictorily states ''that, upon the trial of the said cause, evidence was introduced for the people in support of the facts, averments and allegations of the indictment,'' error does not clearly appear, and under the presumption in favor of the regularity of the proceedings in the court below, the bill of exceptions fails to show that the evidence is insufficient to prove that the prosecuting witness was not the wife of defendant at the time of the alleged offense.

ID.—INCAPACITY OF PROSECUTRIX TO MARRY—INSTRUCTION NOT PREJUDICIAL—ABSENCE OF EVIDENCE.—Where there is no evidence in the record tending to show that the prosecuting witness was, at the time of the alleged offense, married to the defendant, he could not be prejudiced by an instruction that ''a girl under the age of fifteen years is incapable of consenting to marriage,'' and that if the jury find that the prosecuting witness ''was under fifteen years of age'' at the time of the offense, ''then I instruct you, as matter of law, that the prosecutrix was not capable of marrying or being married to the defendant.''

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

C. D. Cavallaro, for Appellant.

U. S. Webb, Attorney General, for Respondent.

COOPER, J.—Defendant prosecutes this appeal from a judgment convicting him of the crime of rape, and from an order denying his motion for a new trial.

It is contended that the evidence is not sufficient to show that the girl, upon whom the crime is alleged to have been committed, was not the wife of the defendant at the time of the alleged offense. The girl was called as a witness, and testified that she was not married, and that she was not the wife of the defendant. The evidence in the record had relation to the time the witness was testifying, and hence it is said that there is no evidence that the complaining witness was not the wife of defendant at the time of the alleged offense.

The bill of exceptions states in one place that the evidence as herein given is all the testimony in the case to support the allegation in the indictment that the girl was not, at the time of the alleged offense, the wife of defendant.

The indictment alleges that the prosecuting witness, at the time of the alleged offense, was an unmarried girl "under the age of sixteen years." The bill of exceptions in another place states, "that upon the trial of the said cause evidence was offered tending to prove the facts, averments and allegations of the indictment." If the evidence of the prosecuting witness quoted in the bill of exceptions does not support the allegation in the indictment that she was, at the time of the alleged offense, an unmarried woman, then the bill of exceptions is contradictory. In case of alleged error the appellant must make such error clearly appear. In this case the bill of exceptions states in unequivocal language that there was evidence introduced in support of all the allegations of the indictment. If this statement is true, the evidence shows that the prosecuting witness was not the wife of the defendant at the time of the alleged offense. Where the statement or bill of exceptions is contradictory as to the facts relied upon to show error, we must presume in favor of the regularity of the proceedings in the court below. With this rule in view we hold that the bill of exceptions fails to show that the evidence is insufficient to prove that the prosecuting witness was not the wife of defendant at the time of the alleged offense.

The defendant complains of the following instruction: "The court further instructs you that under the laws of the state of California, a girl under the age of fifteen years is incapable of consenting to marriage; and if you find that Eliza Davis was under the age of fifteen years on the first

day of September, or upon the second day of October, or at any time involved in this case, then I instruct you as a matter of law that the prosecutrix was not capable of marrying or being married to the defendant.''

The instruction could not have injured the defendant unless there was evidence tending to show that the prosecuting witness was married to the defendant at the time of the alleged offense. There is no such evidence in the record.

There are no other alleged errors.

The judgment and order are affirmed.

Hall, J., and Harrison, P. J., concur.